UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EARL B. MASON, SR.,
As PLENARY GUARDIAN OF
THE WARD,
EARL B. MASON, JR.

    Plaintiffs,

v.                                          Case No. 8:20-cv-2912-KKM-TGW

STATE FARM MUTUAL
AUTOMOBILE INS. CO.,

    Defendant.
_____

## ORDER

In this bad faith insurance claim, Defendant State Farm moves for summary judgment against Plaintiff Earl B. Mason, Sr. (Doc 32.) The Magistrate Judge issued a report recommending that the Court grant State Farm's motion for summary judgment. (Doc. 53.) Mason timely objects to the Magistrate Judge's recommendation and State Farm responds. (Docs. 54 & 55.) For the reasons explained below, the Court agrees with the Magistrate Judge, overrules the objection, and adopts the Report and Recommendation in full.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report

and recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Mason's objects on three grounds: (1) the Magistrate Judge was incorrect to conclude that State Farm's actions at most amounted to simple negligence; (2) the expert's opinion was relevant to the bad faith determination; and (3) the Report and Recommendation fails to account for certain facts in its totality of the circumstances analysis as to bad faith. Upon a de novo review, I agree with the well-reasoned explanation of the Magistrate Judge on those points.

First, the Magistrate Judge concluded foremost that State Farm did not act deficiently at all. In the *alternative*, he determined that any mistake by State Farm amounted only to negligence. I also agree that State Farm's potential mistaken understanding that a certified copy of the insurance policy would satisfy Mason's attorney's request amounted to negligence (at most), which is not sufficient to show bad faith. *See Montanez v. Liberty Mut. Fire Ins. Co.*, 824 Fed. App'x 905, 910 (11th Cir. 2020). And

2

for the reasons explained by the Magistrate Judge, State Farm provided ample evidence of the date of coverage to Mason's counsel. His counsel, nonetheless, failed to read the policy booklet or clarify the concern with State Farm's certification about the date of coverage.

Second, I agree with the Magistrate Judge that the expert's testimony that State Farm acted in bad faith was "properly disregarded" because her testimony did not go beyond the understanding of an average lay person. Thus, it was unhelpful to the jury and could properly be excluded. But even considering the expert testimony as admissible evidence that State Farm acted in bad faith by failing to explain to Mason's counsel why the dates of coverage on the declarations page predated the accident, the totality of the circumstances, as discussed below, would not permit a reasonable jury to find bad faith.

Finally, Mason objects to the ultimate legal conclusion on the basis that the Magistrate Judge failed to account for certain facts in the totality of the circumstances analysis. Specifically, that Mason's attorney was not in a position to accept State Farm's initial offers until he reviewed the case and sent his settlement offer (during which time State Farm offered the policy limit at least five times) and the testimony of State Farm's employees that they did not understand why the declarations page reflected old policy dates. But State Farm's offers prior to Mason's settlement offer are relevant to show care and diligence, whether Mason's attorney was ready to accept them or not. As are State Farm's subsequent actions, which included numerous follow-up contacts with Mason's

attorney, during which time counsel never explained his concern with State Farm's response to his offer.

Additionally, whether State Farm's employees understood the declarations page is not relevant to whether State Farm acted with care and diligence in complying with Mason's counsel's demands. State Farm attempted to rectify the attorney's concern about whether the policy was in place at the time of the accident with a certified letter that unequivocally stated that the policy covered the July 2008 accident, and the attorney never informed State Farm that the certification was insufficient to satisfy his concerns. Regardless, based on the totality of the circumstances, including State Farm's repeated attempts to settle beginning as early as thirty-two days after the accident and including sending a check for the full policy limit of $25,000 and to comply with Mason's attorney's demands, no reasonable jury could conclude that State Farm acted in bad faith.

Accordingly, the following is **ORDERED**:

1. Mason's Objection (Doc. 54) is **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation (Doc. 53) is **ADOPTED in full.**

3. Defendant's Motion for Summary Judgment (Doc. 32) is **GRANTED.**

4. The Clerk is directed to **ENTER JUDGMENT** in favor of the Defendants in accordance with the Magistrate Judge's report, terminate all

pending motions, and close this case.

**ORDERED** in Tampa, Florida, on August 4, 2022.

Kathryn Kimball Mizelle
United States District Judge